IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RONALD GERALD #292-226
    Petitioner    :

    v.    : CIVIL ACTION NO. CCB-10-771

JOHN WOLFE, et al.    :
    Respondents

## MEMORANDUM

On March 29, 2010, Ronald Gerald filed his third petition for writ of habeas corpus attacking his 2000-2001 convictions and sentences for armed robbery and related offenses, imposed by the Circuit Court for Baltimore City. Because Gerald referenced a "resentencing" in his petition, the court ordered respondents to answer, based on a possible expiration of the one-year limitations period. The answer, however, provides a firm basis for the court to conclude that Gerald was not recently "resentenced" for his crimes, and to find the instant petition to be successive under 28 U.S.C. § 2244(b)(3)(A).[1] Title 28 U.S.C. §2244(b)(3)(A) provides that:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

In this most recent application, Gerald contends that he is entitled to relief based on trial court error and ineffective assistance of trial, appellate and post-conviction counsel. This court is without jurisdiction to consider the argument or otherwise review Gerald's claims for habeas corpus relief. Gerald may present it to the United States Court of Appeals for the Fourth Circuit should he move that court for authorization to file a second or successive habeas corpus claim. *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir. 1996).

Dismissal of this case without prejudice is appropriate. The Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization. The procedural requirements and deadlines for filing the motion are comprehensive. Consequently, this court has attached hereto a packet of instructions by the Fourth Circuit which addresses the procedure

---

[1] Gerald's first federal habeas corpus application concerning his 2000-2001 convictions and sentences was denied on the merits on October 13, 2004, in *Gerald v. Sowers, et al.,* Civil Action No. CCB-04-1337 (D. Md). No appeal was taken. *d.* Id., Paper No. 17. A second application was denied and dismissed without prejudice as successive on January 11, 2005. *See Gerald v. Sowers, et al.,* Civil Action No. CCB-04-4032 (D. Md.).

to be followed should petitioner wish to seek authorization in the appellate court to file a successive § 2254 petition. It is to be emphasized that petitioner must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his petition. *See* 28 U.S.C. § 2253(c) (1). "A [certificate of appealability] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at §2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282, (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983).

The court will not issue a certificate of appealability because Gerald has not made the requisite showing. Denial of a certificate of appealability does not prevent Gerald from seeking permission to file a successive petition or pursuing his claims upon receipt of that permission.

The petition is denied and dismissed without prejudice. A separate order follows.


May 27, 2010                                          _____/s/_____
Date                                                  Catherine C. Blake
                                                      United States District Judge